UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ANTOINE JEROME PRAILOW,

Defendant.

Criminal No. 08-117-M

DETENTION MEMORANDUM

The Defendant, Antoine Jerome Prailow, has been charged by complaint with possession

with intent to distribute phencyclidine (PCP), in violation of 21 U.S.C. § 841(a)(1).  The

government requested a detention hearing, which was held on February 29, 2008.  At the

conclusion of the hearing, the Court found that the Defendant should be held without bond.  This

memorandum is submitted to comply with the statutory obligation that "the judicial officer shall

include written findings of fact and a written statement of the reasons for the detention." 18

U.S.C. § 3142(i)(1).

Findings of Fact

At the hearing, Sergeant Durriyyah Habeebullah of the Metropolitan Police Department's

Narcotics and Special Investigations Division, Gun Recovery Unit, testified for the Government.

Sergeant Habeebullah testified that on February 19, 2008, at approximately 9:30 p.m., she was

participating in a routine patrol with other members of the Gun Recovery Unit on the 2300 block

of 11th Street, N.W., Washington, D.C.  The officers observed an individual later identified to be

the Defendant standing next to a Buick Regal automobile.  The Defendant began to flee on foot, and officers observed him throw a brown and red bag into a bush.  One officer recovered the bag while other officers pursued the Defendant on foot and eventually stopped him.

Inside the brown and red bag, officers located a bottle containing approximately 113 grams, or four ounces, of a yellow liquid substance that had an odor consistent with the narcotic phencyclidine (PCP).  From the Defendant's left jacket pocket, officers recovered two packages of Newport cigarettes.  Officer Habeebullah testified that cigarettes may be dipped in PCP and sold in a form called "dippers."  Officer Habeebullah further testified that a person could produce approximately 500 dippers from four ounces of PCP.  Finally, officers recovered $200 in United States currency from the Defendant's pants pocket.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."  18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, the court has found probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that the defendant constitutes a danger to

the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the Defendant. The Defendant is charged with possession with intent to distribute PCP, a serious drug-related charge carrying a prison sentence of ten years or more. The presence of the cigarettes indicates that the Defendant was engaged in the preparation of PCP "dippers" for distribution.

The second factor, the weight of the evidence, favors detention for the Defendant. The officers from the Gun Recovery Unit observed the Defendant discard the brown and red bag, which was later found to contain a bottle of PCP, while fleeing on foot.

The third factor, the history and characteristics of the Defendant, favors detention as well. The Defendant is currently on probation in D.C. Superior Court for a 2006 conviction for carrying a pistol without a license. The Defendant is also currently on probation in Prince George's County, Maryland, for a 2005 assault conviction. The fact that the Defendant was

arrested while under two forms of court supervision demonstrates that he is not amenable to pre-

trial release.

The fourth factor, the nature and seriousness of the danger to the community should the

Defendant be released, also favors detention.  Although the instant charge does not involve

violent activity, PCP is a dangerous drug that creates violent reactions on those who use it.


**Conclusion**

Based upon consideration of the facts presented at the preliminary and detention hearings,

and the factors set forth in § 3142(g), the Court concludes that Defendant has failed to overcome the

presumption in favor of detention established by the Bail Reform Act.  The Court thus finds by clear

and convincing evidence that no condition or combination of conditions can be imposed to

reasonably assure the safety of the community.  The government's motion for pretrial detention is

therefore granted.


Dated: March __3__, 2008                         _____/s/_____
                                                 ALAN KAY
                                                 UNITED STATES MAGISTRATE JUDGE